UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY JOHNSON, JR.,

       Plaintiff,

      v.                               Case No. 21-C-88

BRIAN FOSTER,
JEREMY WESTRA, and
JOHN AND JANE DOES,

       Defendants.

## SCREENING ORDER

      Plaintiff Larry Johnson, Jr., who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his rights were violated under federal and state law. Johnson paid the filing fee on February 8, 2021. Because Johnson was incarcerated when he filed his complaint, the Court must screen the complaint to determine whether he states a claim upon which relief may be granted. 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

      The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure

and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.  "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Johnson alleges that, on April 27, 2018, he was told to proceed through a set of electric steel doors.  After Johnson opened the door, the door quickly slammed shut, cutting through his finger. Johnson explains that the tip of his finger was hanging by the skin.  He experienced excruciating pain and was transported to an outside hospital where his finger was reattached. Johnson says he has nerve damage and his finger is disfigured.

2

Case 2:21-cv-00088-WCG   Filed 02/12/21   Page 2 of 5   Document 11

According to Johnson, before his injury, Defendant Captain Jeremy Westra was injured by the same door, but he failed to order someone to repair it. Johnson asserts that Westra had a duty to ensure the door worked properly and also had a duty to complete an incident report about his injury. He also asserts that Defendant Warden Brian Foster had a duty to review Westra's incident report about his injury and to ensure the door worked properly. Finally, he asserts that maintenance workers should have fixed the faulty door.

## THE COURT'S ANALYSIS

Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id.* (citing *Farmer*, 511 U.S. at 837). Courts evaluate risks an inmate faces on an objective basis; that is, "the allegedly dangerous prison condition must deprive an inmate of the 'minimal civilized measures of life's necessities.'" *Id.* (citing *Farmer*, 511 U.S. at 834).

Johnson fails to state a claim upon which relief can be granted because, even if Defendants knew about the faulty door and purposely ignored it, the hazardous condition about which Johnson complains is not "a condition objectively serious enough to implicate the Eighth Amendment." *Id.* As the Seventh Circuit has explained, "An objectively sufficiently serious risk is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency." *Id.* By way of example, the Seventh Circuit points to hazards such as exposure to raw sewage or inordinate levels of environmental tobacco smoke or amputation from operating obviously dangerous machinery or potential attacks by other inmates. *Id.* (citations

3

omitted). Exposure to a door that closes more quickly than expected cannot, under contemporary standards, be considered cruel and unusual. *See, e.g.*, *Buck v. Does*, No. 18-cv-174, 2019 WL 2223938 (S.D. Ind. May 18, 2019) (finding that large fan with faulty safety cage that partially amputated plaintiff's finger did not pose a sufficiently serious risk); *Harbert v. Griffin*, No. 17-cv-406, 2018 WL 10517098 (N.D. Ind. Feb. 13, 2018) (finding that faulty cable on weight machine that snapped, causing weights to crash on inmate's head did not pose an objectively sufficiently serious risk).

Because the condition Johnson describes in his complaint is not objectively sufficiently serious, he fails to state a claim for relief under the Eighth Amendment. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021). Johnson's complaint is thorough in its allegations of fact surrounding this claim, so the Court finds that further amendment would be futile.

Finally, Johnson asserts a common-law negligence claim; however, because the Court has concluded that he has no federal claim, the Court will relinquish supplemental jurisdiction over the negligence claim. *See* 28 U.S.C. §1367(c)(3); *Lavite v. Dunstan*, 932 F.3d 1020, 1034 (7th Cir. 2019). If Johnson wants to pursue that claim, he may do so in state court.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a federal claim. Johnson's state-law negligence claim is dismissed without prejudice; he may pursue that claim in state court.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).[1]

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 12th day of February, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

---

[1] *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021) (affirming district court's dismissal, which issued a strike based on plaintiff's failure to state a federal claim, and acknowledging relinquishment of supplemental jurisdiction over negligence claim); *see Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1076, n.1 (E.D. Wis. 1999) ("for purposes of §1915(g) and the federal lawsuits it was designed to curtail, the dismissal of a pendant state law claim without prejudice is a non-event and should not factor into the 'strike' analysis").